UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

SAI KUMAR REDDY PITTALA,            Case No.

      Plaintiff,

                                  Hon. Judge
                                  Mag. Judge
v.

KRISTI NOEM, Secretary of U.S.
Department of Homeland Security;
TODD M. LYONS, Acting Director,
Immigration and Customs Enforcement,
      Defendants.
_____/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1

I.     INTRODUCTION

1. The United States Department of Homeland Security has terminated the F-1 student status of hundreds of students in the first two weeks of April, 2025 without advance notice and for unknown and unspecified reasons. Hundreds have been left wondering why they are no longer in valid student status. *See*, "Federal officials are quietly terminating the legal residency of some international college students", Associated Press, April 4, 2025 https://apnews.com/article/college-international-student-f1-visa-ice-trump-7a1d186c06a5fdb2f64506dcf208105a "Visas revoked for more than 3 dozen California university students and alumni" NBC News, April 7, 2025 https://www.nbcnews.com/politics/immigration/visas-revoked-california-university-students-alumni-rcna199905 "More than 500 student visas revoked as the government expands reasons for deportation" CNN, April 11, 2025 https://www.cnn.com/2025/04/09/us/us-immigration-student-visas-revoked/index.html ; Texas Tribune, April 9, 2025 https://www.texastribune.org/2025/04/09/texas-universities-international-students-legal-status/  Newsweek, April 21, 2025 https://www.newsweek.com/judge-homeland-security-revoked-student-visas-2062027

2. Sai Kumar Reddy Pittala (Pittala), a student at the Texas A&M (the University) had his student visa revoked and his Sevis record terminated on April 8, 2025.

3. Pittala has completed a Master of Science in Business Analytics at the Texas A&M. He is currently conducting his practical training on the STEM OPT.[1] This is part of his studies which he will complete in 2026.

4. On or about April 9, 2025, Pittala received an email from the Texas A&M indicating that his SEVIS record was terminated he could no longer continue working because he was no longer in valid student status.

5. His future education and career are in jeopardy because of the Defendants' termination of his student status without prior notification to him or the University. Pattila has been left confused and wondering what he is to do and why this happened to him.

6. Because of this sudden termination of his student status, Pattila is placed in a difficult position both financially and academically. He can no longer continue his STEM OPT, which is his only source of income, nor can he continue his studies.

---

[1] To qualify for the 24-month extension, you must: Have been granted OPT and currently be in a valid period of post-completion OPT; Have earned a bachelor's, master's, or doctoral degree from a school that is accredited by a U.S. Department of Education-recognized accrediting agency and is certified by the Student and Exchange Visitor Program (SEVP) at the time you submit your STEM OPT extension application. https://www.uscis.gov/working-in-the-united-states/students-and-exchange-visitors/optional-practical-training-extension-for-stem-students-stem-opt

7. Pattila is also subject to detention and deportation because he is no longer in valid immigration status.

8. The U.S. Constitution requires notice and a meaningful opportunity to be heard.  These are due process rights guaranteed to persons in the United States.  There was no notice or even a scintilla of an opportunity to be heard.

9. This lawsuit challenges DHS's unlawful termination of Pattila's F-1 student status and his SEVIS record.

## II.  JURISDICTION

10. This Court has jurisdiction under 28 U.S.C. §. 1331(federal question), 28 U.S.C. §. 1346 (federal defendant).  Jurisdiction is further found under 5 U.S.C. §. 702 (right of review and waiver of sovereign immunity).

## III.  VENUE

11. Jurisdiction is proper in this District because Pattila resides in this district.

## IV.  PARTIES

12. Sai Kumar Reddy Pittala  is a native and citizen of India who currently resides in Texas and is attending the Texas A&M where he is studying business analytics .

13. Kristi Noem is the Secretary of the Department of Homeland Security and is being sued in her official capacity. As part of her duties, she is responsible for various agencies including U.S. Citizenship and Immigration Services (USIS) and Immigration and Customs Enforcement (ICE).

14. Todd Lyons is the Acting Director of ICE and is being sued in his official capacity.

## V.  LEGAL FRAMEWORK

15. Under the statute, noncitizens can enroll in government-approved academic institutions as F-1 students. *See* 8 U.S.C. §. 1101(a)(15)(F). Students enter the United States on an F-1 visa issued by the U.S. Department of State. Then, once they enter the United States with an F-1 visa, students are granted F-1 student status and permitted to remain in the United States for the duration of status (D/S) as long as the student continues to meet the requirements established by the regulations governing the student's visa classification in 8 C.F.R. §. 214.2(f), such as maintaining a full course of study and avoiding unauthorized employment. DHS's Student and Exchange Visitor Program (SEVP) is in charge of administering the F-1 student program and tracking information on students in F-1 student status.

16. An academic institution must obtain formal approval from DHS before it can sponsor a student's F-1 status. An institution must first file an application for School Certification through the Student and Exchange Visitor Information (SEVIS) system, a SEVP-managed Internet-based system to track and monitor schools and noncitizen students in the United States. *See* 8 C.F.R. §. 214.3.

17. Foreign students in the USA are "subject to an array of regulations." 8 C.F.R. §. 213.2(f), including maintaining a full course of study.

18. Students may also participate in two types of practical training programs. 8 C.F.R. §. 214.2(f)(10)(ii)). Curricular Practical Training (CPT) is any 'alternative work/study, internship, cooperative education, or any other type to required internship or practicum that is offered by sponsoring employers through cooperative agreements with the school that is an integral part of an established curriculum. 8 C.F.R. §. 214.2(f)(1)(i). CPT usually occurs during the course of study and before its completion. The other is Optional Practical Training (OPT), which consists of temporary employment that is 'directly related to the student's major area of study. 8 C.F.R. §. 214.2(f)(1)(ii). OPT usually occurs at the end of the completion of the studies.

19. Once a student has completed his or her course of study and any accompanying practical training, he or she has sixty days to either depart the

    United States or transfer to another accredited academic institution and seek a transfer of the F-1 visa. *See*, 8 C.F.R. §. 214.2(f)(5)(iv)

20. SEVIS termination is governed by SEVP policy and regulations. The regulations distinguish between two separate ways a student may fall out of status: (1) a student who "fails to maintain status"; and (2) an agency-initiated "termination of status."

21. For failure to maintain F-1 student status under the SEVIS system, students fail to maintain their status when they do not comply with the regulatory requirement, such as failing to maintain a full course of study, engaging in unauthorized employment, or other violations of their requirements under 8 C.F.R. § 214.2(f). In addition, 8 C.F.R. § 214.1(e)-(g) outlines specific circumstances where certain conduct by any nonimmigrant visa holder, such as engaging in unauthorized employment, providing false information to DHS, or being convicted of a crime of violence with a potential sentence of more than a year, "constitute a failure to maintain status."

22. For the agency-initiated termination of F-1 student status under the SEVIS system, DHS's ability to terminate F-1 student status "is limited by 8 C.F.R. § 214.1(d)." Under this regulation, DHS can terminate F-1 student status under the SEVIS system only when: (1) a previously granted waiver under 8

U.S.C. § 1182(d)(3) or (4) is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national Security, diplomatic, or public safety reasons for termination.

23. Accordingly, the revocation of an F-1 visa does not constitute a failure to maintain F-1 student status and, therefore, cannot serve as a basis for termination of F-1 student status in the SEVIS system. If an F-1 visa is revoked before the student's arrival in the United States, the student may not enter, and his SEVIS record is terminated. However, the SEVIS record may not be terminated as a result of visa revocation after a student has been admitted into the United States because the student is permitted to continue the authorized course of study. See ICE Policy Guidance 1004-04 – Visa Revocations (June 7, 2010).

    https://www.ice.gov/doclib/sevis/pdf/visa_revocations_1004_04.pdf

24. While a visa revocation can be charged as a ground of deportability in removal proceedings, deportability can be contested in such proceedings. See 8 U.S.C. § 1227(a)(1)(B); 8 U.S.C. § 1201(i). The Immigration Judge may also even dismiss removal proceedings where a visa is revoked, so long as a student is able to remain in valid status or otherwise reinstates to F-1

student status. *See* 8 C.F.R. § 1003.18(d)(ii)(B). Only when a final removal order is entered will the F-1 student status be lost.

## VI.   FACTS

25. Pattila graduated from Texas A&M with a Master's degree in Business Analytics and currently participating in STEM OPT.

26. He is a citizen of India who came to the USA with an F-1 visa in December 2021.

27. On April 9, 2025, Pattila was notified by the University he was no longer in valid F-1 status and that his OPT was terminated as of April 8, 2025 when the SEVIS record was terminated by the Defendants. (Ex. 1 – Email from University)   The reason for termination is unclear.

28. This abrupt termination has had the effect of terminating Pattila's education, and his STEM OPT which has caused tremendous emotional stress.  Not only has his source of income vanished within minutes but he is at risk of immediate detention and deportation.  Specifically on the date following the SEVIS record termination the University sent an email to Pittala confirming his inability to continue STEM OPT.

29. On the Defendants' own webpage,  termination of SEVIS results in"
   "When an F-1/M-1 SEVIS record is terminated, the following happens:

9

Student loses all on- and/or off-campus employment authorization. Student cannot re-enter the United States on the terminated SEVIS record. Immigration and Customs Enforcement (ICE) agents may investigate to confirm the departure of the student. Any associated F-2 or M-2 dependent records are terminated."

(Ex. 2-Study in the States, Dept of Homeland Security, November 7, 2024.

https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/terminate-a-student ) The Defendants' webpage continues on to state that once a SEVIS record is terminated "No grace period. If the student and dependents are still in the United States, the student must either apply for reinstatement, or the student and dependents must leave the United States immediately." *Id.*

30. Termination of Pittala's SEVIS record has caused him great harm and continues to do so to this day. He is experiencing constant stress, sleepless nights, anxiety, serious financial consequences and a blow to his family's honor in India.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION
**(Unlawful F-1 Student Status Termination)**

31. Plaintiffs reallege the foregoing allegations as if set forth fully herein.

32. The United States Constitution requires notice and a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319 (1976) *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Richards v. Jefferson Cnty.*, 517 U.S. 793 (1996).

33. Defendants terminated Pattila's SEVIS record and F-1 status without prior notification about the decision, failing to provide an individualized hearing before an impartial adjudicator and failing to provide him with the adverse evidence and an opportunity to respond to such evidence.

34. Defendants disregard of due process violates the Fifth Amendment of the U.S. Constitution.

## COUNT TWO
## VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### (Unlawful Detention)

35. Plaintiffs reallege the foregoing allegations as if set forth fully herein.

36. The Fifth Amendment requires fair, and a pre-deprivation process when a person's liberty is at stake.

37. Because of the Defendants' unlawful termination of Pattila's SEVIS termination and F-1 student status, Pattila is at risk of being detained at any time at any place.  8 U.S. Code § 1226(a)

38. Pattila is at risk of losing his liberty without any advance notice of his detention.

## COUNT THREE
## VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT- ARBITRARY AND CAPRICIOUS AGENCY ACTION
### (Unlawful F-1 Student Status Termination)

39. Plaintiffs reallege the foregoing allegations as if set forth fully herein.

40. Defendants' termination of Pattila's SEVIS record and F-1 status constitutes final agency action.

41. Defendants' actions violate the Administrative Procedures Act (APA) and should be set aside pursuant to 5 U.S.C. § 706(2)(A) as arbitrary, capricious, an abuse of discretion and otherwise not in accordance with the law, including the regulatory regime at 8 C.F.R.§ 214.1(d).

42. Under 8 C.F.R.§ 214.1(d), the Defendants have no statutory or regulatory authority to terminate Pattila's SEVIS record, or his status based on some unknown factor.

43. The Defendants have failed to follow their own regulations.  Pattila does not have a previously granted waiver under 8 U.S.C. § 1182(d)(3) or (4) because this is inapplicable to him.  There is no private bill conferring lawful permanent residence in Congress for him.  Nor have the Defendants

published a notification in the Federal Register identifying national Security, diplomatic, or public safety reasons for termination. 8 C.F.R. § 214.1(d)."

44. Furthermore, the Defendants' vague reason for the SEVIS record termination is unreasoned, arbitrary, capricious and in violation of the APA.

## VII. CONCLUSION

WHEREFORE, the Plaintiff respectfully requests that:

1. This Court assume jurisdiction over this matter;

2. Declare that the Defendants' termination of Plaintiff's SEVIS record and F-1 status without affording him sufficient notice and opportunity to be heard violated the Plaintiff's Fifth Amendment due process rights and the APA;

3. In the alternative, declare that F-1 student status is unaffected by the SEVIS record termination.

4. Issue an injunction requiring Defendants to provide adequate individualized hearing before an impartial adjudicator for the Plaintiff in which he will be entitled to review any adverse evidence and respond to such evidence prior to determining whether Plaintiff's status should be terminated;

5. Order the Defendants to reinstate Plaintiff's valid F-1 student status and SEVIS record at Texas A&M or to provide him with a reasonable period of time to transfer to another DHS approved school if Texas A&M does not accept his reinstatement;

6. Enjoin the Defendants from detaining Plaintiff pending this instant case;

7. Award Plaintiffs reasonable costs and attorney's fees;

8. Grant such other relief that the Court may deem proper and appropriate.

April 21, 2025

　/ s/Caridad Pastor_____
Caridad Pastor
Pastor and Associates, P.C.
Attorneys for the Plaintiffs
11 Broadway  Suite 1005
New York, New York 10004
(248)619-0065
carrie@pastorandassociates.com