UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

SAI KUMAR REDDY PATTILA          §
                                 §
v.                               §          CIVIL NO. 4:25-CV-416-SDJ
                                 §
KRISTI NOEM ET AL.               §

## ORDER

Plaintiff Sai Kumar Reddy Pattila filed a complaint in the Northern District of Texas against Kristi Noem, United States Secretary of Homeland Security, and Todd M. Lyons, Acting Director of U.S. Immigration and Customs Enforcement ("Government Defendants"), claiming that his F-1 student status and SEVIS record were unlawfully terminated. (Dkt. #1 ¶ 9). Mr. Pattila also filed an ex parte request for a temporary restraining order. (Dkt. #4). The case was transferred from the Northern District to the Eastern District of Texas yesterday, April 22, 2025, and assigned to the undersigned. (Dkt. #9). Mr. Pattila has re-urged his ex-parte motion for a temporary restraining order. (Dkt. #10).

Under Federal Rule of Civil Procedure 65(b), "[t]he Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." To meet the certification requirement, counsel must do their due

1

diligence. For example, courts have found this requirement met when counsel has contacted the Acting U.S. Attorney for the relevant district through both phone and email, providing through email copies of the complaint, the TRO motion, and the supporting exhibits. *See, e.g.*, *Doe v. Noem*, No. 3:25-CV-23, 2025 WL 1161386, at *5 n.4 (W.D. Va. Apr. 21, 2025).

Here, Plaintiff's certificate of conference merely states that there are "urgent circumstances" and that counsel "will be requesting summons for the parties" but that "we do not know who the attorney is for the opposing party." (Dkt. #10-2 at 2). This certificate is insufficient under Rule 65(b).

Similarly insufficient is Plaintiff's complaint, which states that venue is proper "*in this District because Pattila resides in this district.*" (Dkt. #1) (emphasis added). When filed, "this district" was the Northern District of Texas, not the Eastern District of Texas. Plaintiff must therefore provide the Court with an amended complaint with a sufficient factual basis to confirm that venue is proper in this district.

It is therefore **ORDERED** that Plaintiff's counsel will immediately notify the Acting U.S. Attorney for the Eastern District of Texas, through phone and through email, of this suit. Plaintiff's counsel must also provide, by email if most convenient, copies of the complaint, the TRO motion, and the supporting exhibits. Once such notification is accomplished, Mr. Pattila, through counsel, must file a notice with the Court confirming the identity of the Government attorney who has been notified, including their email and telephone contact. The notice should also confirm that the Government Defendants have received a copy of the complaint, the TRO motion, and

the supporting exhibits. Once the Court receives Mr. Pattila's notice, a hearing on the TRO will be set.

It is further **ORDERED** that Plaintiff must file an amended complaint that provides a sufficient factual basis to demonstrate that venue is proper in the Eastern District of Texas.

**So ORDERED and SIGNED this 23rd day of April, 2025.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE